## TIFFIN *vs.* FORRESTER.

It is the right and duty of a jury to weigh the testimony, and give such credit to it as they may think proper. The judgment of the Circuit Court will not be set aside, upon the ground that the testimony did not warrant the verdict, unless a very strong and palpable case is made out against the verdict.

ERROR to the Circuit Court of St. Louis County.

HUDSON and HOLMES, *for Plaintiff in Error.*

1. A new trial should be granted when the verdict of the jury is so manifestly against the weight of evidence, that it is apparent the jury must have failed to

give' the cause a fair consideration, or must have mistaken the law as applied to the, facts. Graham, "New Trials."

2. A new trial will be granted on the ground of a surprise, by the false swearing of a witness, when the facts falsly sworn to are material to the cause, and there has been no want of diligence on the part of the party seeking the advantage of it.—Graham, "New Trials," 168, 172, 184; 11 Price, 383; a case cited in Han. Dig., 1524.

PRIMM *and* TAYLOR, *for Defendant in Error.*

1. The court will not set aside the verdict of a jury unless it appear to have been manifestly against evidence, or the weight of evidence, unless palpable injustice has been done. (Graham on "New Trials," 362, 363; 3 Mo. Rep., 464, 467; 4 Mo. Rep., 295, 301.) Verdict must be decidedly against the weight of evidence. (12 Wend., 27; 11 *Ibid.*, 143; 2 Cowan, 479; 9 Johns. Rep., 36.)

2. When there has been conflicting testimony submitted to the jury, and the verdict supported by the testimony, the court will not disturb the verdict.— 7 Mo: Rep., 57.

TOMPKINS, J., *delivered the opinion of the Court.*

This action was brought in the Circuit Court of St. Louis county, by Grandison P. Forrester against Clayton Tiffin, on a charge of negligence and unskilfulness in his practice as a physician and surgeon, in setting and curing the leg of the plaintiff, which had been fractured.

Much evidence was given in the case by the plaintiff, to show negligence and want of skill on the part of the defendant, appellant, and by the appellant to prove that the plaintiff did not take due and reasonable care of himself, and that the case was a difficult one, and that the appellant had been diligent, and treated the case skilfully. Professional men were called to prove, that, under the most skilful treatment, such fractures could not sometimes be cured, so as to cause the limb to be perfectly sound and strong.

The jury found the defendant guilty, and assessed the plaintiff's damages to seven hundred dollars, and judgment was given accordingly.

The defendant moved to set aside the verdict, and grant him a new trial, for the reasons following, to wit: *first*, the verdict was against the law, the evidence, and the weight of evidence; *second*, because the jury found their verdict [against] the instructions of the court; *third*, because the damages are excessive; *fourth*, because incompetent testimony was admitted to the jury.

Subjoined to these reasons for a new trial, is an affidavit of the defendant, Tiffin, of surprise by the false swearing of a witness in the case, the mother of the defendant in error, Forrester, and that he has merits, can make a good defence on another trial, &c. The counsel of the plaintiff in error seem to rely on this affidavit in their brief. They have not even assigned it as one of their reasons for a new trial. Nor, indeed, is it made a part of the record, by insertion thereof

in the bill of exceptions. The clerk has thought proper to copy it into the history of the case, without any authority to do so. One of the reasons for a new trial is, that *incompelent testimony* was admitted to the jury; no objection was made, nor was there any exception to the admission of any of the testimony to the jury.

In the second reason for a new trial, as it is on the record, the word "against" does not appear. It was inserted in that reason, as copied into this opinion, and for that reason enclosed in brackets. The defendant might not, perhaps, have intended to say, that the jury found their verdict *against* the instructions of the court, for it does not appear on the record that any instructions were asked by either party, or that any were given by the court.

The appellant, not appearing to have called on the court to instruct the jury, but having left them to construe the law for themselves, cannot now complain that their verdict is against law. Left as they were to apply the law to the evidence in the case, they had enough of that to justify them in finding damages to the amount of seven hundred dollars. This Court is not accustomed to weigh the testimony nicely when the question is about setting aside a verdict, on account of the strength of the evidence against their verdict. The court might, perhaps, have been called on with as much propriety to instruct the jury in this case, as in most cases that have been tried there. But no instructions being asked, it cannot appear to this Court that the law has been disregarded by them. They had evidence before them in favor of the appellee, and it was their right and duty to weigh it, and give such credit to it as they thought proper.

The judgment of the Circuit Court is affirmed.